Judge Ewing
delivered the opinion of the Court:
Ray, the defendant in error, and James Weathers, as thé administrators of Sally Cutsiriger, instituted a suit against one Thomas Wooly, to recover a sum of money due from him to their intestate. Pending the suit, Weathers died; and while the suit was progressing in the name of Ray, as surviving administrator, the two Weathers, the plaintiffs in error, assumed on themselves the power of settling the said controversy, as administrators of their father, James Weathers, deceased. Upon said settle-* ment, they took a note from Wooly, payable “to Sally Cutsinger’s administrators” after which they Collected the amount in money, from Wooly. Ray sued them, in assumpsit, for the money collected, in his own name; and having recovered a verdict and judgment, in the Circuit Court, they moved the Court for a new trial, upon the grounds:—-first, that the verdict was contrary to law and evidence. Second. That the Court erred in giving instructions to the jury, at the instance of the plaintiff, and refusing instructions asked by the defendants. And the Circuit Court having overruled the motion, and ren-* dered a judgment for the plaintiff, the defendants have, brought the case to this Court.
First. It is objected that Ray could not maintain the suit in his individual character.
It was competent for Ray to affirm the acts of the de-1 fendants below, in making the settlement with Wooly^ though made, by them, without authority. And affirming their acts, the note taken by them to the administren tor of Cutsinger, was due and payable to him, individually, as the only person who would fill the description of the promisee.- The term administrator is only a discriptio per *475 son cu, and it would not be necessary for him to sue upon it in his fiduciary character.
The general au" tornej °ataniaw' does not include a right to indorse a writ, that the fmt if /of ,l.h1 party,
The fact that a benefit of^thhd person, does not invest him with the legal right; and n°ne but bé gal right theorigina! plt’ff ean sae, in his own name, for the proceeds, when collected by another.
The money having been collected by the defendants below, without authority,, and applied to their own use, it was also competent for Ray to affirm this act, and to go against them for the money; and the action would properly lie m his individual name, as the money payable by the note, was payable to him, in that character.
The argument urged by the counsel for tne plain tins in error, “that if the Weathers settled with Wooly and received the money, without the authority of Ray, that it was no payment of the note, and Ray might still recover of Wooly,” is not tenable. Ray had an election to a,f-. firm the acts of the Weathers, in receiving the payment,, and go against them, or to treat their authority as void, and the payment under it as a nullity, and go against Wooly. But when he has elected to affirm, and to go against them, he sanctions their acts, recognizes the. payment, and waives all remedy against Wooly, looking to them alone for indemnity; and this upon the obvious principle, that if A takes the horse of B and convert him into money, B may waive the tort, sanction the act, of sale, and maintain assumpsit against A, for the money.
Secondly. It seems from the record of the suit of Cut-singer’s administrators vs. Wooly, that Carpenter, the attorney for the plaintiffs, had made an indorsement up- . » , , _ , . , 1 on the writ, tnat “the benefit of the suit was for vv imam Watson;” and it is contended, that the right of action is m him, and not m Ray. We cannot sanction this position for two reasons: first—there is no evidence that Carpenter had any special authority to make such an indorsement, and his general authority as an attorney would give him no such power.
But, second—if the authority were proven, the indorsement does not vest in Watson, any legal right to the demand.ip contest, and-no other than he who has the legal right, can maintain an action at law. That remained still with the administrators, notwithstanding the indorsement. 7 Monroe, Boyd vs. Snelling, 416; Chilly pl. 3.
Two individuals assume on themselves to. setttle rind receive a debt’ due to another! having united in the settlement,' claiming to be equally interested, and, having divided the money received, between tljem— tho’ it was received by one only, they are jointly liable to the true owner.
Third,. It appears tha.t Wooly paid the whole su.rr^ to William Weathers, and he paid over a part of it to, his co-administrator, James Weathers; and it is contended, that they cannot be made jointly liable. Though the payment was made to William, they both participa-., ted in the assumption of authority, and settlement of the claim; bo^h claimed an interest in the note when taken, and divided the money between them when collected; we regard them both, therefore, as jointly responsible to the plaintiff.
The opinions expressed by the Circuit Court, in rejecting the instructions that were offered by the defendants, being consistent with the above views, and those given at the instance of the plaintiff, not being copied into the record, it is the opinion of the Court, that the judgment of the Circuit Court be affirmed.